DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Frank Edmonds, Jr., | ) | |
| | ) | CASE NO. 3:03CV7482 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | (Resolving Doc. No. 59) |
| Neil Turner, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

This action involves a 42 U.S.C. Section 1983 claim by Plaintiff against Defendants at the prison where he was incarcerated alleging that he was knowingly and unlawfully subjected to unconstitutional prison conditions in the form of second hand smoke that caused him harm due to his asthma. Plaintiff also raises several pendent state law claims.

Plaintiff has sued North Central Correctional Institution, the prison where he was incarcerated. He has also named the following defendants: Neil Turner, Deputy Warden; Tamara Engle and David Marquis, Unit Managers; Mary Buchanan and Amy Gottfried, Correctional Officers; and Richard Evans, registered nurse at the medical center at the prison. All of these defendants were employees of the State of Ohio working at the North Central Correctional Institution during the events that comprise the allegations of the complaint. These defendants have been named in the lawsuit in their official and individual capacities.

Before the Court is Defendants' Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings (Docket No. 59). Defendants argue that the action must be dismissed against them in their official capacities on the basis of qualified immunity. North Central Correctional Institution, as an agency of the State of Ohio, makes the same claim. Plaintiff has filed a response (Docket No. 61) and Defendants have filed a reply brief in support (Docket No. 62).

Defendants concede that the action may proceed against them in their individual

(3:03CV7482)

capacities but that there is no basis for a lawsuit against them in their official capacities based on the theory of *respondeat superior*, citing Hafer v. Melo, 502 U.S. 21 (1991).

Plaintiff argues in part that he has made a claim for equitable relief and on that basis, courts have found that an action may be maintained against state agents in their official capacities. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Defendants agree with Plaintiff's statement of the law, but point out that factually, Plaintiff is unable to make a claim for injunctive or equitable relief because Plaintiff has been released from the prison and his claim for injunctive relief is moot. The Court agrees that Plaintiff's release moots his claim for injunctive relief. See Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993)("the request for an injunction was obviously mooted when Lavado was released from prison....the magistrate judge (and the district court) correctly concluded that the issue of declaratory relief became moot when Lavado was released from prison." citing Preiser v. Newkirk, 422 U.S. 395 (1975).

However, Plaintiff also alleges in several counts of the Second Amended Complaint claims against Defendants for the custom or policy of deliberate indifference to Plaintiff's medical needs as one deprived of his liberty while in Defendants' care. In Canton v. Harris, 489 U.S. 378 (1989), the Supreme Court concluded that a plaintiff could maintain a Section 1983 action against the City of Canton for failing to adequately train its employees to seek medical assistance for the plaintiff, not on the basis of *respondeat superior*, but if "the employee has not been adequately trained and the constitutional wrong has been caused by that failure to train." Canton, 489 U.S. at 387.

Further, in Pembaur v. Cincinnati, 475 U.S. 469 (1986) the United States Supreme Court held that liability under Section 1983 may attach "where-and only where- a deliberate choice to follow a course of action is made from among various alternatives" by policymakers. Id. at 483. Thus, when an official's actions may be said to represent official policy, and that policy violates

2

(3:03CV7482)

constitutional rights, liability under Section 1983 may attach.

Turning to the Second Amended Complaint, Count One alleges that Defendants had a "custom or policy of deliberate indifference in regards to the medical needs of citizens arrested and/or incarcerated," in violation of the First, Fifth, Eight and Fourteenth Amendments. Count Three alleges a policy or custom of indifference to Plaintiff's medical needs in violation of the Eight Amendment. Count Four alleges a similar policy or custom in violation of the Fifth Amendment. For the reasons stated above, the Court finds that Defendants are not entitled to qualified immunity on these claims as they allege a governmental policy or custom that violates Plaintiff's constitutional rights. Accordingly, as to Counts One, Three and Four, the Motion for Judgment on the pleadings is denied.

Counts Five, Six, and Seven allege state law claims against the individual defendants only. The Court interprets these claim to be made against these defendants only in their individual capacities, not in their official capacities.

Counts Eight and Ten also allege state law claims against all Defendants based on retaliation and constituting a public nuisance, respectively. Again, the Court finds these claims may be made against the named defendants solely in their individual capacities and may not be made at all against the institutional defendant, North Central Correctional Institution.

Count Two alleges a substantive due process violation pursuant to the Fourteenth Amendment. This claim does not allege a policy or custom by defendants leading to a deprivation of Plaintiff's rights as required by Monell v. City of New York City Dept. of Social Servs., 436 U.S. 658 (1978). Further, where a particular amendment to the Constitution provides an "explicit textual source of constitutional protection against a particular sort of government behavior," Graham v. Connor, 490 U.S. 386, 395 (1989), i.e. the Eight Amendment, that amendment, and not substantive due process, "must be the guide for analyzing these claims." Id.

3

(3:03CV7482)

Therefore, Plaintiff's Fed. R. Civ. P. 12(c) is granted as to Count Two of the Second Amended Complaint. For similar reasons, the Court also dismisses Count Nine of the Second Amended Complaint. The claim is made against all Defendants in their official capacities as well as North Central Correctional Institution. However, no claim is made of an illegal policy or custom with regard to the retaliatory conduct alleged.

Accordingly, for the reasons stated, the Court grants in part and denies in part Defendants' Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings. As to Counts One, Three, Four, Five, Six and Seven, the Motion is denied. As to Counts Two and Nine, the Motion is granted. As to Counts Eight and Ten, the Motion is granted only as to Defendant North Central Correctional Institution and the individually named Defendants in their official capacity. Counts Eight and Ten shall remain in this action as alleged against the individually named Defendants in their individual capacities.

IT IS SO ORDERED.

| | |
|---|---|
| April 28, 2006 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |