DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Frank Edmonds, Jr., | ) | |
| | ) | CASE NO. 3:03CV7482 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION &</u> |
| | ) | <u>ORDER SCHEDULING FINAL</u> |
| Gordon Lane, et al, | ) | <u>PRE-TRIAL CONFERENCE</u> |
| | ) | (Resolving Doc. No. 97) |
| Defendant(s). | ) | |
| | ) | |

**INTRODUCTION**

This action involves a 42 U.S.C. Section 1983 claim by the Plaintiff Frank Edmonds, Jr. against Defendants at the prison where he was formerly incarcerated. Plaintiff alleges that he was knowingly and unlawfully subjected to unconstitutional prison conditions in the form of second hand smoke that caused him harm due to his asthma. Plaintiff also raises several state law claims.

Before the Court is Defendants' Motion for Summary Judgment (Docket No. 97). Plaintiff has filed a response opposing the motion (Docket No. 99). Defendants were granted leave until September 8, 2006 to file a reply brief but have not submitted one.

For the following reasons, the motion for summary judgment as to Counts One and Three, which allege violations of the Eight Amendment, is denied. However, the Court grants the motion for summary judgment as to Count Four of the Second Amended Complaint, which alleges a Section 1983 violation based on the Fifth Amendment. Further, the Court declines to exercise pendent jurisdiction over Plaintiff's state law claims, Counts Five, Six, Seven, Eight and Ten, and they are dismissed without prejudice.[1]

---

[1] The Court previously granted Defendants' Fed. R. Civ. P. 12(c) motion to dismiss Count Two and Count Nine of the Second Amended Complaint. See <u>Memorandum Opinion</u>, Docket No. 91, at 3-4.

(3:03CV7482)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 . When considering a motion for summary judgment, "the inferences to be drawn from the underlying facts contained in [affidavits, pleadings, depositions, answers to interrogatories, and admissions] must be viewed in the light most favorable to the party opposing the motion." U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962). However, the adverse party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The Rule requires the nonmoving party who has the burden of proof at trial to oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves[.]" Celotex Corp. V. Catrett, 477 U.S. 317, 324 (1986). General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990). Nor may a party "create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts . . . earlier deposition testimony." Reid v. Sears Roebuck & Co., 790 F.2d 453, 460 (6th Cir. 1986) (citing Biechell v. Cedar Point, Inc., 747 F.2d 209, 215 (6th Cir. 1984)); but see Baer v. Chase, 392 F.3d 609, 623-26 (3d Cir. 2004) (noting that a so-called "sham" affidavit need not be disregarded if there is "independent evidence in the record to bolster [the] otherwise questionable affidavit"). Further, "'[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, 477 U.S. at 252).

2

(3:03CV7482)

In sum, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, 477 U.S. at 250.

## FACTUAL BACKGROUND AND DISCUSSION

Plaintiff Frank Edmonds Jr. was an inmate of the State of Ohio from February 27, 2001 to February 2, 2004. This action concerns his incarceration at North Central Correctional Institution ("NCCI") from May 17, 2001 to June 18, 2003. This latter date is when Plaintiff was transferred, pursuant to medical orders, to a building at NCCI that was completely non-smoking.

Plaintiff claims that from the date he entered NCCI, May 17, 2001, he should have been placed in a non-smoking environment. He cites his medical record submitted at the time he entered NCCI as indicating that he had asthma and further states on many occasions he requested a smoke-free environment. In the motion for summary judgment, Defendants take the position that Plaintiff was not diagnosed with asthma until June 2002, that a request for a smoke free environment was not made by medical personnel at NCCI until October 2002 and that Plaintiff was moved into a non-smoking dormitory area, Hardin A, on or about November 13, 2002.

There are also factual disputes related to the conditions at the Hardin dormitory complex at NCCI. While Hardin A is smoke-free, Hardin B is not. Further, it appears that the A and B sides of the dormitory share the same ventilation system. Further, Plaintiff has submitted evidence of smoking by officials and others in common areas shared by the dormitories and makes claims of doors opened between the dormitories to establish at least a dispute of fact on the issue of the "smoke-free" nature of Hardin A.

In May 2003, Defendants were directed again by medical order to again move Plaintiff, on this occasion to a completely smoke free building, which was accomplished in June 2003.

3

(3:03CV7482)

As to harms to his health, Plaintiff claims that his exposure to second-hand smoke caused him for the first time to require medication to control the effects of his asthma and has increased his risk of future medical harms resulting from the alleged exacerbation of his asthma.

For its motion for summary judgment, Defendants argue first that Plaintiff has failed to submit evidence of actual injury and therefore he is not entitled to compensatory damages. While Plaintiff alleges facts to demonstrate that his asthma worsened based on continued exposure to second hand smoke, Defendants cite only the last line of Plaintiff's expert's second opinion that "there is no evidence of any injury, temporary or permanent," based on a recent examination of Plaintiff. However, Plaintiff's expert also states as follows:

> This is an addendum to my original letter of 05/29/06. As I pointed out based on pulmonary function tests showing obstructive airways disease and response to prescribed medication that the claimant had asthma. It is probable that exposure to smoke caused temporary aggravation of his asthmatic condition i.e. increased coughing. As such it would have been in the claimant's best interest to be removed from a smoking environment.

Defendants' Motion for Summary Judgment, Docket No. 97, Exhibit E.

Furthermore, the Sixth Circuit has held that there may be direct evidence of harm resulting from exposure to second hand smoke or environmental tobacco smoke ("ETS"), when it exacerbates a serious medical condition such as asthma, even though there is no temporary or permanent harm. See Reilly v. Grayson, 310 F.3d 519, 521 (6th Cir. 2002) ("there was sufficient evidence from which [the factfinder] could find that Reilly suffered both an increase to the severity of his asthma and an increase in the risk of future damage to his health as a direct result of his exposure to second-hand smoke.").

In Reilly, the Sixth Circuit affirmed the decision of the district in a case that had been tried to the court, upholding the district court's findings of fact and conclusions of law in a case with similar factual allegations to the one at bar. See Reilly v. Grayson, 157 F.2d 762 (E.D. Mich. 2001). As in Reilly, the Court concludes that the allegation of an increase in the severity

4

(3:03CV7482)

of Plaintiff's asthma and in increase on the risk of future damage to his health are sufficient for purposes of this Section 1983 claim.

Defendants also argue that, as a matter of law, their response to Plaintiff's asthma was sufficient pursuant to the standards that have developed under the Eight Amendment. Defendants argue that Plaintiff has failed to provide evidence of harms sufficient to demonstrate that Defendants response could be interpreted as being deliberately indifferent to Plaintiff's known medical condition or that Defendants could be found responsible for its failure to adequately train its employees to respond to Plaintiff's medical condition.

In Spencer v. Bouchard, 449 F.3d 721 (6th Cir. 2006), the Sixth Circuit described the elements of Section 1983 claim brought pursuant to the Eight Amendment:

> An Eighth Amendment conditions of confinement claim has two elements. 'First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities.'[citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)]. Second, the prison official's state of mind [must be] one of 'deliberate indifference' to inmate health or safety." Id.

Spencer v. Bouchard, 449 F.3d at 728.

Based on this standard, the Court finds that there is sufficient evidence of harms alleged and supported by citations to the record by Plaintiff to demonstrate, objectively, a sufficiently serious deprivation and subjectively, the requisite state of mind to survive Defendants' requested motion for summary judgment as to Count Three of the Second Amended Complaint.[2]

The Court also finds that there is sufficient evidence of record submitted by the plaintiff

---

[2]Defendants also argue that the claims made pursuant to the Eighth Amendment were not clearly established at the time of the alleged harms. Both decisions in the Reilly case, issued in 2001 and 2002, belie that assertion. Further, the Sixth Circuit in Reilly specifically found that there was a right, existing at the time of Plaintiff Reilly's claims beginning in 1994, to be free from exposure to second hand smoke due to asthma, his serious medical condition. See Reilly, 310 F.3d at 521.

5

(3:03CV7482)

to support Count One of the Second Amended Complaint, an Eighth Amendment claim based on the Defendants' alleged failure to train its employees. As Defendants state in their brief: "Only when failure to train amounts to deliberate indifference will liability be imposed." Defendants' Motion for Summary Judgment, Docket No. 97, at 22, citing Canton v. Harris, 489 U.S. 378, 390 (1989). Because material issues of fact exist on the issue of Defendants' deliberate indifference, the motion for summary judgment as to Counts One and Three are denied.

However, the Court grants Defendants' Motion for Summary Judgment as to Count Four of the Second Amended Complaint, which alleges a violation of the Fifth Amendment. The cases cited by Plaintiff in support of this claim all relate to pre-trial detainees. See Bell v. Wolfish, 441 U.S. 520 (1979); Watkins v. City of Battle Creek, 273 F.3d 682 (6th Cir. 2001). While it is true that the Fifth Amendment does prohibit punishment of pre-trial detainees, it is undisputed that in this case, all of the harms Plaintiff alleges occurred not in pre-trial detention, but post-conviction as he served his sentence in the penal facility at NCCI. Accordingly, the motion for summary judgment as to Count Four, the Section 1983 claim made based on the Fifth Amendment, is granted.[3]

Defendants have also sought summary judgment on Plaintiff's state law claims of intentional infliction of emotional distress (Count 5); assault (Count 6); battery (Count 7); retaliation based on Ohio Revised Code 4112 (Count 8); and public nuisance (Count 10). Defendants argue that these claims must be pursued in the Ohio Court of Claims. By way of response, Plaintiff requests that the Court decline to exercise pendent jurisdiction over these claims. Plaintiff's Response to Motion for Summary Judgment, Docket No. 99, at 25.

---

[3] Plaintiff also argues that Defendants have not sought summary judgment on Count Four. See Response to Motion for Summary Judgment, Docket No. 99, at 12 n.21. However, the Court finds that Defendants have challenged the constitutional claims made by Plaintiff. See Motion for Summary Judgment, Docket No. 97, at 18.

6

(3:03CV7482)

Defendants have submitted no objection to the Plaintiff's request that the Court decline to exercise jurisdiction over these claims.

Pursuant to 28 U.S.C. 1367, in particular Section 1367(c)(2), and in accordance with Plaintiff's request, the Court declines to exercise supplemental jurisdiction over the pendent state law claims and Counts 5, 6, 7, 8, and 10 are hereby dismissed without prejudice.

## **CONCLUSION**

For the reasons stated, the motion for summary judgment (Docket No. 97) is denied as to Counts One and Three.  However, the motion as to Count Four, the constitutional violation asserted pursuant to the Fifth Amendment, is granted and Count Four is dismissed.  Further, the Court declines to exercise pendent jurisdiction over Plaintiff's state law claims, Counts Five, Six, Seven, Eight and Ten, and they are dismissed without prejudice.

This action will proceed to trial on the Eight Amendment claim alleging a custom or policy of deliberate indifference to plaintiff's medical needs, Count Three, and a failure to train claim also made pursuant to the Eight Amendment, which is Count One of the Second Amended Complaint (Docket No. 54).

This case remains on the trial schedule for the two-week period beginning November 14, 2006.  The Court will conduct a final status conference (pretrial) on October 30, 2006 at 12:00 noon.

IT IS SO ORDERED.

| | |
|---|---|
| September 20, 2006 | */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |