DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Frank Edmonds, Jr., ) | |
| ) | CASE NO. 3:03CV7482 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| Neil Turner, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

On December 5, 2006 the Court granted the renewed Motion of Defendant North Central Correctional Institution ("NCCI") to Dismiss pursuant to Fed. R. Civ. Pro. 12(c) (Docket No. 146). The Court was persuaded that pursuant to Will v. Michigan Dept. of Police, 491 U.S. 58 (1989), as an agency of the State of Ohio, NCCI is not a person subject to liability under Section 1983 and must therefore be dismissed.

This matter has proceeded to trial on two counts of the Amended Complaint. Count Three is a Section 1983 claim alleging a violation of the Eighth Amendment against the remaining six Defendant prison guards and officials in their individual capacities. The Court has also allowed Plaintiff to proceed on Count One of the Second Amended Complaint, which provides in part:

> 36. Plaintiff state[s] that the Defendant NCCI and all Individual Defendants in their official capacities are liable to Plaintiff for their violation of the First, Fifth, Eight, and Fourteenth Amendments to the U.S. Constitution under 42 U.S.C. Section 1983 for failure to adequately train its employees. Specifically, the Defendants have a custom or policy of deliberate indifference in regards to the medical needs of citizens that are arrested and/or incarcerated. The Defendants' training procedure is not adequate to recognize and/or adhere to the obvious medical needs of arrestees and detainees.

(3:03CV7482)

  37. Wherefore, Plaintiff demands compensatory damages in the amount of $250,000, attorney fees, costs, injunctive relief and any other relief this court may deem is fair and equitable.

 Defendant NCCI has been dismissed from Count One and it is proceeding against the individual Defendants. These Defendants did not renew their motion to dismiss, although they had previously argued that no claims could be maintained against them in their official capacities because that would be equivalent to suing the state. See Docket No. 59.

 When granting the renewed motion on behalf of NCCI, the Court began to examine whether or not the same reasoning applied to these defendants who in Count One of the Second Amended Complaint are being sued in their official capacities.

 In earlier motions and responses, both parties have cited to the Court <u>Hafer v. Melo</u>, 520 U.S. 21 (1991). <u>Hafer</u>, relying on <u>Will</u>, makes a sharp distinction between official-capacity suits and individual or personal-capacity suits. "[T]he distinction between official-capacity suits and personal-capacity suits is more than 'a mere pleading device.'"<u>Hafer</u>, 502 U.S. at 27, quoting from <u>Will</u>, 491 U.S. at 71.  <u>Will</u> prohibits official capacity suits against states. <u>Hafer</u> affirms that holding yet permits personal or individual capacity suits against state officials when they are performing their duties, subject to the defenses available to such officials such as qualified immunity.

 The Sixth Circuit has struggled with the issue of when the Court should consider that a plaintiff has made a claim against a defendant in their official capacity versus their individual or personal-capacity. In <u>Wells v. Brown</u>, 891 F.2d 591 (6th Cir. 1989), the Sixth Circuit held that plaintiffs must "set forth clearly in their pleading that they are suing the state defendants in their

(3:03CV7482)

individual capacity for damages, not simply in their capacity as state officials." Id. at 592. Because the Plaintiff in Wells had failed to specify that the claim against the state officials was in their individual capacities, the case was dismissed.

The Wells decision was modified by the en banc decision in Moore v. City of Harriman, 272 F.3d 769 (6th 2001). The Sixth Circuit concluded that "while it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her 'individual capacity,'. . . failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." Moore, 272 F.3d at 772 (citation and footnote omitted). The "course of proceedings" test permits the Court to consider whether defendants have received fair notice of plaintiff's intent to hold them personally or individually responsible from the complaint and from later pleadings filed within the lawsuit, such as a response to a summary judgment motion.

Construing Count One most liberally in Plaintiff's favor, it is inescapable that Plaintiff has alleged a claim against these defendants in their official capacities. Count One states that NCCI and the individual defendants are being sued in their official capacities. There is no mention of suing Defendants in their individual capacities. The damages sought in Count One do not include a claim for punitive damages, which may not be collected in a claim against a state, while Count Three, as alleged against the individual defendants, includes a claim for punitive damages. Further, in Plaintiff's responses to the motions for summary judgment, Plaintiff's Trial Brief and Plaintiff's Proposed Jury Instructions, it is stated that the claim is seeking damages to be paid by the State of Ohio and by these defendants in their official capacities. See Docket Nos. 59 and 116.

(3:03CV7482)

No mention is ever made of Count One seeking to hold these Defendants responsible in their individual capacities and nothing presented in the trial contradicts that conclusion. Accordingly, on the basis of Will and Hafer, Count One is dismissed in its entirety. However, this action will proceed against the remaining named Defendants as to Count Three of the Second Amended Complaint.

IT IS SO ORDERED.

| | |
|---|---|
| December 14, 2006 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |